## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NEAL HAMMILL, AMY JO           )
HAMMILL, on behalf of themselves  )
and all others similarly situated,  )
                                )
              Plaintiffs,       )
                                )      Civil Action No. 12-0117 Erie
       v.                       )
                                )
BANK OF AMERICA, N.A.,          )
                                )
              Defendant.        )
                                )

## <u>MEMORANDUM OPINION</u>

**CONTI, District Judge**

This is a putative class action for the recovery of damages caused by purportedly unlawful mortgage foreclosure lawsuits.  Plaintiffs Neal and Amy Jo Hammill, on behalf of themselves and others similarly situated, allege that defendant Bank of America ("BOA") initiated a foreclosure suit against them in Pennsylvania state court without first sending them a proper foreclosure notice or giving them a chance to cure their loan deficiency in violation of the Pennsylvania Loan Interest and Protection Law, 41 Pa. Stat. Ann. § 101 <u>et</u> <u>seq</u>., and the Emergency Mortgage Assistance Act, 35 Pa. Stat. Ann. § 1680.401c.  As a result, the Hammills were forced to spend money defending their interests in state court.  They seek damages, injunctive and declaratory relief, attorney's fees, and costs.  BOA filed a motion to dismiss (ECF No. 21) pursuant to Federal Rule of Civil Procedure 12(b)(6).  The court's jurisdiction rests on 28 U.S.C. § 1332(d).

For the reasons that follow, BOA's motion to dismiss will be granted and the complaint will be dismissed with prejudice.

## I. <u>BACKGROUND</u>

The Hammills' claim arises from a note and mortgage that they executed on March 10, 2010, on residential property in North East, Pennsylvania.  (ECF No. 3 ¶¶ 1-3, 7-8, 31.)  The mortgage and note were assigned to the Federal National Mortgage Association ("Fannie Mae"), and were serviced on its behalf by BAC Home Loan Servicing, LP, which has since merged into BOA.  (<u>Id</u>. ¶¶ 9, 14; ECF No. 22 at 4 n.4.)

Sometime within a year after the mortgage's execution, the Hammills defaulted on their loan, which prompted BOA to send them a pre-foreclosure notice on February 22, 2011.  (ECF No. 3 ¶¶ 10-11.)  At the time, the total amount past due on the mortgage loan was $12,602.  (<u>Id</u>. ¶ 12.)  The pre-foreclosure notice advised the Hammills that they could cure their default and avoid foreclosure by mailing the overdue amount of $12,602 by cashier's check, certified check, or money order to a law firm in Philadelphia.  (<u>Id</u>.)  The pre-foreclosure notice did not advise the Hammills that they also had the option of sending cash.  (<u>Id</u>. ¶¶ 12-13.)  The Hammills did not cure the default.  On September 28, 2011, BOA filed a foreclosure action against the secured property in the Court of Common Pleas of Erie County, Pennsylvania.  (<u>Id</u>. ¶ 14.)   BOA voluntarily dismissed the foreclosure action, without prejudice, on April 12, 2012.  (<u>Id</u>. at 21.)

On May 11, 2012, less than a month after BOA voluntarily dismissed the foreclosure action, the Hammills filed this lawsuit.  They filed an amended complaint on May 22, 2012.  Their fundamental grievance is that BOA violated Pennsylvania statutory and common law by failing to notify them, and others like them, that they had the right to cure their mortgage default with a *cash* payment, rather than one made by a check or money order.

The Pennsylvania Loan Interest and Protection Law, 41 Pa. Stat. Ann. § 101 <u>et</u> <u>seq</u>. ("Act 6"), requires residential mortgage lenders to issue a "Notice of Intent to Foreclose" prior to filing

a foreclosure action against a borrower who is in default.  Act 6 provides that the notice must inform the borrower that he or she can cure a default by tendering all amounts due "in the form of cash, cashier's check or certified check." 41 Pa. Stat. Ann. § 404(b)(1).  The Emergency Mortgage Assistance Act, 35 Pa. Stat. Ann. § 1680.401c ("Act 91"), also requires that lenders provide notice to defaulting borrowers prior to filing a foreclosure action. 35 Pa. Stat. Ann. § 1680.402c(a).  Act 91 also requires that borrowers be advised about their right to cure a default with a cashier's check, certified check, or cash.  § 1680.403c(b)(1) (incorporating the notice requirements of Act 91).

The amended complaint asserts three counts: first, the Hammills seek, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a), a ruling that all pre-foreclosure notices issued by BOA that fail to specify that a default can be cured with a cash payment violate Pennsylvania law;  second, the Hammills assert a direct claim pursuant to Acts 6 and 91 based upon this same alleged defect in BOA's pre-foreclosure notices;  and third, they allege that BOA, as the loan servicer, tortiously interfered with the Hammills' loan and mortgage contracts with Fannie Mae by sending deficient pre-foreclosure notices.  The only damages the Hammills claim to have personally suffered as a result of BOA's alleged misconduct are the unspecified "attorney's fees and costs" that they incurred in defending against the foreclosure action in state court, and they seek to represent a Rule 23 class of "thousands" of other Pennsylvania residents who were forced to do the same.  (ECF No. 3 ¶¶ 19, 23, 88(a).)  The Hammills do not allege that they could or would have cured their mortgage default with cash had they been informed of that option.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) empowers a district court to dismiss a complaint if it fails to state a claim upon which relief can be granted.  To survive a motion to dismiss, "a

complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)(quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  A complaint is facially plausible if it alleges sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and that "discovery will reveal evidence of the necessary element[s]" of the claim.  <u>Id.</u>; <u>W. Penn Allegheny Health Sys., Inc. v. UPMC</u>, 627 F.3d 85, 98 (3d Cir. 2010).  Legal conclusions couched as factual allegations, conclusory factual allegations, and threadbare recitations of a cause of action are insufficient to state a facially plausible claim. <u>Iqbal</u>, 556 U.S. at 678-79.  In addition to pleading adequate factual content, the complaint also must be legally sufficient.  <u>Iqbal</u>, 556 U.S. at 678; <u>Twombly</u>, 550 U.S. at 555.  To determine the complaint's legal sufficiency, the court must accept as true all the facts, but not the legal conclusions, alleged, draw all reasonable inferences in the plaintiff's favor, and confirm that the accepted-as-true facts actually give rise to a claim that would entitle the plaintiff to relief.  <u>Id.</u>

The analysis of the complaint's factual and legal sufficiency proceeds in three steps: first, "the court must take note of the elements a plaintiff must plead to state a claim;" second, "the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth;" and third, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>Santiago v. Warminster Twp.</u>, 629 F.3d 121, 129-130 (3d Cir. 2010).

## III.  DISCUSSION

BOA argues: 1) the Hammills lack standing to obtain declaratory or injunctive relief; 2) the Hammills failed to state a claim under Act 6 or for tortious interference because they have not suffered actual damages; and 3) they failed to state a claim under Act 91 because that statute

does not include a private right of action.[1]  Because the court determines that the Hammills failed

to plead that they suffered legally cognizable damages as a result of BOA's alleged initiation of

the unlawful foreclosure action in state court, and because the Hammills's request for declaratory

relief is not ripe for adjudication, the court will grant BOA's motion to dismiss with respect to all

three counts.  Furthermore, because amendment would be futile, the motion will be granted with

prejudice.

### A. <u>Failure to Plead Damages</u>

To be sure, the Hammills do not allege that their home was sold at a sheriff's sale, that

they are currently subject to a foreclosure judgment, or that they have paid any costs or fees to

BOA to reinstate or modify their loan.  The only harm they allege is that they were forced to pay

a lawyer to defend the foreclosure lawsuit in state court.  (ECF No. 3 ¶¶ 23, 38-44, 59, 95-96,

125.)

Act 6 provides that "[a]ny person affected by a violation of [the Act] shall have the

substantive right to bring an action…for damages [incurred as a result] of such conduct or

violation, together with costs including reasonable attorney's fees and other such relief to which

such person may be entitled under law."  41 Pa. Stat. Ann. § 504.  Regarding attorney's fees and

costs, the Act contains three separate fee-shifting provisions: (1) section 406, which permits a

mortgage lender to receive attorney's fees "[u]pon commencement of foreclosure or other legal

action with respect to a residential mortgage"; (2) section 407, which allows "[a]ny debtor who

prevails in any action to remove, suspend or enforce a judgment entered by confession…to

recover reasonable attorney's fees and costs as determined by the court"; and (3) section 503,

---

[1] In response to BOA's motion, the Hammills abandoned their request for injunctive relief in count II as well as their direct claim under Act 91. (ECF No. 24 at 5-8.)  The text of Act 91 confirms that there is no private right of action under that statute; thus, no further analysis of that claim is required.  <u>See</u> 35 Pa. Stat. Ann. § 1680.401c-409c; <u>see also</u>, 35 Pa. Stat. Ann. § 1681.5 ("Act 70") (setting forth the consequences of a defective pre-foreclosure notice under Act 91, which do not include a private right of action).

which provides that "[i]f a borrower or debtor, including but not limited to a residential mortgage debtor, prevails in an action arising under this act, he shall recover the aggregate amount of costs and expenses…together with a reasonable amount for attorney's fee." 41 Pa. Stat. Ann. §§ 406, 407(b), and 503(a). Sections 407 and 503, which permit borrowers as opposed to lenders to recover attorney's fees and costs, require that the borrower be the prevailing party in the mortgage foreclosure action.

Because the Hammills were not prevailing parties in their state foreclosure action, they cannot recover their attorney's fees and costs under Act 6. As the complaint sets forth, the Hammills' foreclosure action in state court was voluntarily dismissed, without prejudice, by BOA. Such unilateral, voluntary, and non-final action does not meet the "prevailing party" standard. Buckhannon Bd. And Care Home, Inc. v. West Virginia Dept. of Health and Human Resources, 532 U.S. 598 (2001) (under Fair Housing Amendments Act and Americans with Disabilities Act); RFR Industries, Inc. v. Century Steps, Inc., 477 F.3d 1348 (Fed. Cir. 2007) (under Patent Act); Oscar v. Alaska Dept. of Ed. And Early Development, 541 F.3d 978 (9th Cir. 2008) (under Individuals with Disabilities in Education Act); Evans v. Chichester School Dist., 2008 WL 4610240 (E.D. Pa. Oct. 15, 2008) (under 42 U.S.C. § 1988 and Rehabilitation Act).

Furthermore, the Pennsylvania Supreme Court has recognized that, under Buckhannon, statutes that include "prevailing party" language are to be strictly construed. Solebury Twp. v. Dep. of Environmental Protection, 593 Pa. 146, 166 (2007) (finding that Buckhannon did not control because Clean Streams Law contained broad authority to award fees, instead of precise "prevailing party" language). In those Act 6 cases decided before Buckhannon, borrowers were deemed to have prevailed when they successfully protected their residences against execution of a judgment. First Nat. Bank of Allentown v. Koneski, 392 Pa. Super. 533, 539-40 (1990)

(borrower successfully opened confessed judgment, preventing a sheriff's sale); <u>Gardner v. Clark</u>, 349 Pa. Super. 297 (1986) (title to property returned to borrow after faulty sheriff's sale). Each of these decisions, in combination with <u>Buckhannon</u>, compels the conclusion that a voluntary dismissal without prejudice, which is not a final judgment, is insufficient to confer prevailing party status under Act 6.  Instead, by dismissing the Erie County foreclosure action without prejudice, BOA retained the option to re-file the foreclosure action against the Hammills' home.  As such, the Hammills are not prevailing parties, and thus have no means by which they can recover the attorney's fees that they paid to the lawyer who represented them in the state foreclosure action.

Without the ability to collect the attorney's fees they incurred in defending the foreclosure action, the Hammills, by their own admission, cannot as a matter of law make a showing that they suffered recoverable damages as a result of BOA's alleged conduct.  <u>See</u> 41 Pa. Stat. Ann. § 504.  Consequently, they have failed to state a claim upon which relief may be granted.  Absent a showing that they have suffered recoverable damages, the Hammills cannot make out a claim under Act 6 or for tortious interference with contractual relations, <u>see</u> <u>Empire Trucking Co., Inc. v. Reading Anthracite Coal Co.</u>, --- A.3d ---, No. 651 MDA 2012, 2013 WL 3129493 at *8 (Pa.Super. Ct. June 21, 2013) (showing of actual damages is an element of common law tortious interference claim),  nor can they sustain a request for declaratory relief under the Declaratory Judgment Act, <u>see</u> 28 U.S.C. § 2201(a) (court may provide relief in the form of declaring "the rights and other legal relations of any interested party" only "upon the filing of an appropriate pleading").

### B.  Declaratory Relief

Although the Hammills' failure to plead damages is fatal to their request for declaratory

relief, their request for a ruling that "all notices utilized by the Defendant which do not expressly advise the mortgage debtor(s) of the opportunity to cure the default by the payment or tender of cash are violative of the law" (ECF No. 3 ¶ 124) is also not ripe for adjudication.  To obtain declaratory relief under the Declaratory Judgment Act, the plaintiff must show the existence of "a case of actual controversy."  28 U.S.C. § 2201(a).  This requirement derives from Article III of the Constitution, which limits the jurisdiction of the federal courts to cases and controversies that are "definite and concrete," thus precluding the review of disputes that are "of a hypothetical or abstract character".  Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 240-41 (1937) (internal citations omitted).   Whether a request for declaratory judgment is ripe for adjudication depends on the following nonexhaustive factors: (1) the adversity of the interest of the parties, which is minimal where the plaintiff's action depends upon a contingency which may not occur; (2) the extent to which the judgment would conclusively define and clarify the legal rights or relations of the parties; and (3) the practical help, or utility, that the judgment would have in remedying the plaintiff's injury.  Step-Saver Data Systems, Inc. v. Wyse Technology, 912 F.2d 643, 647 (3d Cir. 1990); New York Shipping Ass'n, Inc. v. Waterfront Com'n of New York Harbor, 460 Fed.Appx. 187, 189 (3d Cir. 2012) (discussing additional cases).[2]

Here, BOA voluntarily dismissed the foreclosure action against the Hammills on April 12, 2012, approximately six months after it was filed.  BOA has not since sent the Hammills a subsequent pre-foreclosure notice, and it is not currently pursuing a foreclosure action against the Hammills in state court. Although the Hammills contend that BOA's voluntarily dismissal of the

---

[2] Although BOA premises its motion to dismiss on Rule 12(b)(6), an attack on justiciability grounds challenges the court's subject-matter jurisdiction to hear the case and is properly brought pursuant to Rule 12(b)(1). Because BOA has presented its justiciability argument as a facial rather than a factual challenge to the complaint's sufficiency in setting forth a basis for subject-matter jurisdiction, the court must accept as true the well-pleaded factual allegations in the complaint and construe in the Hammills' favor all reasonable inferences arising from those well-pleaded facts.  NE Hub Partners, L.P. v. CNG Transmission Corp., 239 F.3d 333, 341 (3d Cir. 2001); Gould Elecs., Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000); Cunningham v. Lenape Regional High Dist. Bd. of Educ., 492 F.Supp.2d 439, 446-47 (D.N.J. 2007).

previous suit permits it to again pursue the action at any time, the declaratory relief the Hammills

seek is premised upon: (1) their receiving the same allegedly deficient pre-foreclosure notice as

they received previously; (2) their being deprived of the opportunity as a result of the notice to

cure their loan deficiency in cash; and (3) their being forced to pay an attorney to defend against

an as-yet unfiled state foreclosure action.  Although not impossible, none of this has occurred or

is in imminent danger of occurring.  See Salvation Army v. Dept. of Comm. Affairs, 919 F.2d

183, 192 (3d Cir. 1990) (request for declaratory relief to protect against feared future conduct

requires a showing by the plaintiff "that the probability of that future event occurring is real and

substantial, of sufficient immediacy and reality to warrant the issuance of a declaratory

judgment.").

Thus, given the facts set forth in the amended complaint, there is no adversity of interests

between the parties and the declaratory ruling the Hammills seek will be of no utility to them

until the previously enumerated contingencies occur.  An entry of declaratory judgment based on

this hypothetical chain of events would be "an opinion advising what the law would be" if BOA

did something that it has not yet done, which Article III of the Constitution forbids.  See Aetna

Life, 300 U.S. at 240-41 (internal citations omitted).  Furthermore, the Hammills' request for

declaratory judgment is moot to the extent that they seek a ruling "solely to adjudicate past

conduct."  Corliss v. O'Brien, 200 Fed.Appx. 80, 84 (3d Cir. 2006); Gruntal & Co., Inc. v.

Steinberg, 837 F.Supp. 85, 89 (D.N.J. 1993). Either way, their request for declaratory relief is not

justiciable in this court.


**C.  Leave to Amend**

Having previously granted the Hammills one opportunity to amend, and having now

determined that the complaint as amended is legally deficient, the court is not obligated to grant the Hammills leave to amend their complaint a second time.  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997).   An attempt at this juncture to rehabilitate the complaint with new factual contentions would be highly suspect. There is no uncertainty regarding the procedural history or factual background of the Hammills' Erie County foreclosure action: the Hammills received a pre-foreclosure notice that did not notify them that they could cure their default by paying the overdue amounts in cash; the Hammills did not cure their default and BOA filed a foreclosure action against them in state court; the foreclosure action was voluntarily dismissed without prejudice shortly after it was filed; the Hammills did not pay any fees or costs to BOA in connection with the foreclosure action, nor did they lose their home in a sheriff's sale, but allegedly did pay an attorney to defend against that action in state court.  Under these facts, which the court accepts as true, the Hammills did not suffer damages that fall within the meaning of Act 6, cannot sustain a tortious interference claim, and cannot obtain declaratory relief.  At this point, leave to amend would be futile.

Although the complaint's failure to plead legally cognizable damages alone is dispositive, the court also notes that the Hammills failed to allege that there was a causal connection between the purported defect in BOA's pre-foreclosure notice and their payment of attorney's fees to defend against the foreclosure action.  See 41 Pa. Stat. Ann. § 504.  To do so, the Hammills would have to set forth facts showing that had BOA told them of their purported right to mail $12,602 in cash to Philadelphia, they would have done so and thus would have avoided the foreclosure action and the need to pay a lawyer to defend against it.   They did not allege anything to this effect in either of their complaints.  The ability to have cured their default, by whatever method of payment, was a crucial fact that the Hammills were obligated to plead in

their previous complaints.  They failed to do so not once, but twice.  The absence of that fact can only be characterized as intentional, making a further opportunity to amend unwarranted.

## IV. <u>CONCLUSION</u>

For the reasons stated above, BOA's motion to dismiss (ECF No. 21) will be granted with prejudice. An appropriate order will be entered.

BY THE COURT:


/s/ *JOY FLOWERS CONTI*
Chief United States District Judge


Dated: August 29, 2013